# UNITED STATES DISTRICT COURT
### for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v. | )<br>)<br>) Case No. 3:10-MJ-1025<br>) |
| DARREN WESLEY HUFF<br>*Defendant* | )<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of ___4/20/10___ in the county of ___Monroe___ in the ___Eastern___ District of
___Tennessee___ , the defendant violated ___18___ U. S. C. § ___2101(a) and § 231(a)(2)___ ,
, an offense described as follows:
Title 18, U.S.C. Section 2101(a) , Travel in Interstate Commerce with Intent to Incite a Riot, and
Title 18, U.S.C. Section 231(a)(2) Transporting in Commerce a Firearm in furtherance of a Civil Disorder.

This criminal complaint is based on these facts:

See attached Affidavit of FBI Special Agent Mark Van Balen.

X   Continued on the attached sheet.

_____
*Complainant's signature*

Mark Van Balen, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/26/2011

_____
*Judge's signature*

City and state:   Knoxville, Tennessee

C. Clifford Shirley, Jr., United States Magistrate Judge
*Printed name and title*

3:10-MJ-1025

AFFIDAVIT

I, Mark A. Van Balen, being duly sworn, depose and state:

1. I am an Acting Supervisory Special Agent (SA) of the Federal Bureau of Investigation (FBI), U.S. Department of Justice. I have been an SA of the FBI for over 24 years. Currently my primary duties are to conduct and supervise domestic and international terrorism investigations.

2. Your Affiant submits this Affidavit to provide the information necessary to support a finding of probable cause for the issuance of a criminal complaint as described below. It is not intended to include every fact or matter observed by me or known to the government. Information provided is based on my personal knowledge and observations during the course of this investigation, information conveyed to me by other law enforcement officials, and my review of records, documents and other information obtained during this investigation.

3. This application is submitted in support of a criminal complaint and arrest warrant charging DARREN WESLEY HUFF, with Traveling in Interstate Commerce with Intent to Incite a Riot in violation of Title 18, U.S. Code, Section 2101(a) and Transporting in Commerce a Firearm in furtherance of a Civil Disorder, in violation of Title 18 U.S. Code, Section 231(a).

From a review of the statutes, your Affiant knows that 18 U.S.C. § 231(a)(2) states that it is unlawful for any person to (i) transport in interstate commerce any firearm (ii) knowing or having reason to know or intending that the same will be used unlawfully in the furtherance of a civil disorder. The term "civil disorder" is defined in 18 U.S.C. § 232(1) as meaning any public disturbance involving acts of violance by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual. Further, that 18 U.S.C. § 2101(a) (2) (3) & (4) states that it is unlawful for any person to (i) travel in interstate commerce with the intent to (ii) organize, promote, encourage, participate in or carry on a riot, or to (iii) aid and abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot. "Riot" is defined in 18 U.S.C. § 2102(a) as a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act of violence by one or more persons part

2

of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would result in  damage or injury to the property of any other person or to the person of any other individual

## Background

4.   As a background to the investigation of HUFF, Affiant has learned that WALTER FRANCIS FITZPATRICK was arrested at Madisonville, TN on April 2, 2010, while attempting to conduct a citizen's arrest on Monroe County Grand Jury Foreman Gary Petway. FITZPATRICK was charged at the time under Tennessee law with inciting a riot, disrupting an official public meeting, disorderly conduct and resisting arrest.  He was bonded out of jail on April 6, 2010.  Prior to April 2, 2010, FITZPATRICK had personally drafted and issued citizens arrest warrants for twenty-four Federal, State and local officials.  Due to his April 2 arrest, FITZPATRICK was scheduled to appear for a court hearing on the above charges in Monroe County, TN on April 20, 2010.

## Factual Basis

5.   On April 19, 2010, Robert Shane Longmire, Branch Manager, Chase Bank, Hiran, GA was interviewed by Agents of the FBI. Longmire stated that HUFF told him on April 15, 2010, that

3

HUFF had learned that FITZPATRICK had been arrested in Madisonville, TN and was to be in trial on April 20, 2010. HUFF stated that he believed that FITZPATRICK had been falsely arrested. HUFF told Longmire that HUFF was in the Georgia Militia and that he along with eight or nine other militia groups were planning to travel to Madisonville on April 20 to "take over the city." HUFF further advised that Longmire would see his acts on television on the twelve o'clock noon news.

6. On April 19, 2010, Agents of the FBI interviewed HUFF at his residence at Dalton, GA. During the interview, HUFF told the agents that he was planning to travel to Madisonville to assist FITZPATRICK in making citizens arrests. HUFF stated that he and others were planning to assist FITZPATRICK in getting the charges against FITZPATRICK dropped. HUFF was not sure how many individuals would be traveling to Monroe County to assist FITZPATRICK. HUFF said there would be no violence unless they were provoked into violence. HUFF said he would be armed with his Colt .45 handgun when he traveled to Madisonville, TN and that he would also be carrying his AK-47 rifle in his truck.

7. On April 20, 2010, your Affiant was present in a Command Post in Madisonville, TN, where he was informed by law enforcement officers who were reporting that HUFF and several

4

individuals were in the possession of openly displayed and concealed firearms and were at the time present outside the Madison County General Sessions Court located in the Beecher Witt Government Building. HUFF and numerous others had also been observed gathering at restaurants and other locations near the Madison County Courthouse. Some of these persons gathered outside the Courthouse appeared to be conducting surveillance on law enforcement officers, their vehicles and police observation posts, as well as the entrances to the court building.

8. Your Affiant knows that prior to HUFF's arrival in Madisonville, TN , on April 20, 2010, the FBI conducted surveillance of HUFF as he departed his residence in Dalton, GA on the early morning of April 20 and crossed the state line into Tennessee at approximately 6:15 am while driving a 2004 black GM Sierra pick up truck, GA license IM LIT, together with a male passenger. This vehicle is registered to DARREN WESLEY HUFF, 617 Shoals Trail, Dallas, GA.

9. On April 21 and April 22, 2010, your Affiant interviewed Lieutenant (Lt) Don Williams, TN Tenth Judicial District Drug Task Force (DTF), who participated in a traffic stop of HUFF's vehicle at approximately 8:00 am on April 20, 2010, along with other Agents of the DTF and State Troopers of the Tennessee

5

Highway Patrol (THP). Lt. Williams stated that HUFF was pulled over by Troopers Michael Wilson and Kelly Smith for three traffic violations, to wit, traffic control device, registration law and following too closely, on Highway 68, in Sweetwater, TN. Lt. Williams observed a pistol on HUFF's right hip upon his exiting his vehicle. Lt. Williams removed the pistol for officer safety reasons, after which HUFF produced a GA concealed weapons permit. Also present in the vehicle was MICHAEL WILLIAM DESILVA, who was not armed. After receiving a warning citation, HUFF was informed he was free to leave but he voluntarily engaged the officers in conversation. HUFF stated to Lt. Williams that if they had enough armed people, they were going to take over the Monroe County Courthouse. Further, they planned to conduct arrests on persons named in the criminal complaint and arrest warrants that had been signed by FITZPATRICK, a copy of which HUFF provided to Lt. Williams, along with an attached business card of FITZPATRICK. There were twenty-four Federal, State and local officers listed on the complaint and arrest warrant who were charged with being declared domestic enemies of the United States engaged in treason. HUFF further stated that all of the members of the group he planned to join in Madisonville (which he believed included members of a group known as the "Oath Keepers")

6

had a copy of the Complaint and arrest warrants and were going to effect a citizen's arrest.

10.   Huff further stated to Lt. Williams that they intended to make physical arrests of various individuals and then turn these officials over to the State Police to place them in jail. HUFF said that their group had their own Grand Jury and Judge. HUFF said he had the constitutional right to bear arms, that he had an AK-47 and ammunition in the tool box of his truck and that he had the right to take it out to protect himself.  HUFF emphasized that if they didn't have enough people on April 20 to do all they planned to do that day, that they would be back in one to two weeks.  HUFF said he was ready to die for his rights and what he believed in.  HUFF would not consent to the officers searching his truck.

11.   Your Affiant was told by Lt. Williams that when HUFF opened the door, Lt. Williams observed two blue .45 pistol magazines in a pouch, which HUFF identified as his.  HUFF declined to relinquish his weapon but agreed to lock it in his tool box later when he approached the Courthouse.  HUFF told Lt. Williams that if necessary, they would come back and have a lot more armed people to take over the Courthouse and effect all the arrests.  HUFF was emphatic in saying that he would die for his

7

cause and would take out his AK-47 to effect the necessary arrests.

12.    On April 22, 2010, Lt. Williams told your affiant that he recorded a radio broadcast on April 21, 2010, in which HUFF talked about his traffic stop on April 20, 2010.  HUFF stated in the broadcast that when he had traveled to Madisonville, TN on April 20 he had his AK-47 and ammunition with him.

13.    Based on the information gathered in this investigation your Affiant has probable cause to believe that HUFF had both the intent and means to immediately carry out his threats of violence to take over the Madisonville, TN courthouse and/or arrest individuals by force based on the FITZPATRICK complaint and "citizens arrest warrants."  HUFF had traveled interstate with one or more weapons to accomplish his planned takeover of a courthouse and/or arrests of persons together with more than three persons.  Your Affiant knows that on April 20, 2010, there were over a dozen armed members of this loose knit group who had assembled with the stated intent to effect the citizens arrest warrants that had been issued by FITZPATRICK and/or take over the courthouse if it was deemed necessary.

8

## Conclusion

14. Based on the foregoing, I have probable cause to believe that HUFF traveled in interstate commerce from the State of Georgia to the State of Tennessee on April 20, 2010, with intent to incite a riot at Madisonville, TN and that he transported in commerce a firearm knowing or having reason to know or intending the same would be used unlawfully in furtherance of a civil disorder, in violation of Title 18 U.S. Code Sections 2101(a)(1),(2),(3) and 231 (a)(2).

Respectfully,

_MARK A. VAN BALEN_
MARK A. VAN BALEN
Acting Supervisory Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this 26th day of April, 2010 at Knoxville, TN.

_C. Clifford Shirley_
C. Clifford Shirley
United States Magistrate Judge

9